IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMANUEL SORIANO and
BARBARA CIAMPA,

    Plaintiffs, on behalf of themselves
    and others similarly situated,

v.                                                                                    No. 2:25-cv-00265-JHR

UNITED STATES OF AMERICA,
Internal Revenue Service,

    Defendant.

**ORDER REGARDING REPRESENTATION,
ORDER TO CURE DEFICIENCY,
ORDER REGARDING PROCEEDING *IN FORMA PAUPERIS* AND
ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint for a Civil Case, Doc. 1, filed March 13, 2025, and Plaintiffs Motion to Waive Court Fees, Doc. 6, filed March 13, 2025.

**Order Regarding Representation**

Stephen L. Flowers filed the Complaint and five other documents on behalf of Plaintiffs. The Complaint is signed by Stephen L. Flowers and indicates he is an attorney. *See* Complaint at 5. Mr. Flowers cannot file documents or otherwise represent Plaintiffs in this case because Mr. Flowers is not an attorney authorized to practice before this Court. *See* D.N.M.LR-Civ. 83.4 ("to participate in a pending proceeding . . . The attorney must: be eligible to appear under D.N.M.LR-Civ. 83.2 [admitted to the bar of this Court] or 83.3 [appearance of attorneys licensed outside the District of New Mexico]"). Mr. Flowers shall not file any documents in this case on behalf of Plaintiffs until he is authorized to practice in this Court.

**Order to Cure Deficiency**

>Plaintiffs did not sign the Complaint or the other five documents filed in this case.
>
>Every pleading, written motion, and other paper must be signed by at least one attorney of record ... or by a party personally if the party is unrepresented ... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). The Court orders Plaintiffs to either sign the Complaint and the other five documents filed in this case on their behalf by Mr. Flowers or have an attorney authorized to practice before this Court sign those documents within 21 days of entry of this Order.

**Order Regarding Proceeding *In Forma Pauperis***

Plaintiffs ask the Court "to waive court fees, charges, dues and taxes pursuant to the Vienna Convention On Diplomatic Relations, 1961, which exempts all fees, charges, dues and taxes levied by the mission of an ambassador." Motion to Waive Court Fees at 1 (stating: "On 1 November 2021 Stephen L Flowers officially became Ambassador of Christ by signing an agreement to do so").

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

>The federal in forma pauperis statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Accordingly, 28 U.S.C. § 1915(a) permits an indigent litigant to commence a civil or criminal suit without prepayment of fees or costs. *See* 28 U.S.C. § 1915(a).

*Parnisi v. Colorado State Hosp.*, 922 F.2d 1223 (10th Cir. 1993) (unpublished). Mr. Flowers is not a litigant in this case.

2

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1]  The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

Plaintiffs have not paid the $405.00 fee or filed Applications to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Plaintiffs must either pay the fee or file Applications.

**Order to Show Cause**

Plaintiffs, who apparently are homeless, allege:

Plaintiff[s and others similarly situated] are entitled to their own place with water, food storage, shelter, transportation, communication and housing that the Defendant prevented from happening in 1969 by deceiving the Sovereign Christian Churches without proper jurisdiction using the 501(c)(3) non-profit corporation that replaced the Sovereign Christian Churches Chief, whose instructed responsibility is to add to the Church, therefore causing Church membership, and Christianity, to decline by 30% becoming in-affective [sic] in following their instruction to relieving the Plaintiff[s] that was not even large enough to count in 1969 but is now approximately 2% of the American population.  This is a violation of the Fee Exercise clause of the First Amendment to the Constitution of the United States of America.

Complaint at 4.  Plaintiffs ask the Court "to order an injunction that would give Churches tax exemption without filing a 501(c)(3) as this was the case before 1969."  Complaint at 4-5 (also seeking punitive damages).

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

3

The Court has identified the following deficiencies in the Complaint and orders Plaintiffs to show cause why the Court should not dismiss their claims. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, the Complaint does not show that the Court has jurisdiction over this matter. As the parties seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). Plaintiffs are suing the United States and/or the Internal Revenue Service.

> "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." [*F.D.I.C. v.*] *Meyer*, 510 U.S. [471,] at 475. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Id.* (internal quotation marks omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).
>
> Thus, "jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Speidell v. United States*, 978 F.3d 731, 745–46 (10th Cir. 2020) (brackets and internal quotation marks omitted). Additionally, "[a] suit against a [federal] government agent in his official capacity is treated as a suit

4

against the government." *Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015).

*Clark v. Haaland*, 2024 WL 4763759 *7 (10th Cir.).  There are no allegations in the Complaint showing that the United States waived sovereign immunity regarding Plaintiffs' claims.

Second, it appears that Plaintiffs are asserting claims on behalf of certain churches because Plaintiffs seek an "injunction that would give Churches tax exemption without filing a 501(c)(3)." "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

Third, the Complaint fails to state claims upon which relief can be granted.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish

5

>plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted). Plaintiffs have not alleged any facts explaining what the United States Internal Revenue Service did to Plaintiffs or what specific legal rights of Plaintiffs that Plaintiffs believe the United States Internal Revenue Service violated. Plaintiffs allege that the United States Internal Revenue Service "deceiv[ed] the Sovereign Christian Churches" in 1969 thereby preventing Plaintiffs from obtaining "their own place with water, food storage, shelter, transportation, communication and housing." Plaintiffs do not explain how the IRS's actions against churches in 1969 harmed Plaintiffs. Plaintiffs' allegations that the Internal Revenue Service's actions against churches in 1969 prevented Plaintiffs from obtaining housing, food and other things is too vague, speculative and conclusory to state a claim for relief.

The Court orders Plaintiffs to show cause why the Court should not dismiss their claims. If Plaintiffs assert the Court should not dismiss their claims, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

>Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Stephen L. Flowers shall not file any documents in this case on behalf of Plaintiffs until he is authorized to practice in this Court.  The Court may strike any documents Mr. Flowers files before he is authorized to practice before this Court.

(ii)  Plaintiffs shall, within 21 days of entry of this Order, either sign the documents filed in this case on their behalf or have an attorney authorized to practice before this

Court sign the documents.  Failure to timely sign the documents may result in the Court striking the documents.

(iii)    Plaintiffs shall, within 21 days of entry of this Order, either pay the $405.00 fee or each file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Failure to timely pay the $405.00 fee or file Applications may result in dismissal of this case.

(iv)    Plaintiffs shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**